**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

VAHE KHACHATOURIAN,

          Plaintiff - Appellant,

  v.

HACIENDA LA PUENTE UNIFIED
SCHOOL DISTRICT,

          Defendant,

  And

MAUREEN SCANLON; et al.,

          Defendants - Appellees.

No. 12-55364

D.C. No. 2:10-cv-08436-SJO-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Argued and Submitted January 9, 2014
Pasadena, California

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and CLIFTON, Circuit Judges, and RAKOFF, Senior District Judge.[**]

Plaintiff-Appellant Vahe Khachatourian sued Defendants-Appellees Maureen Scanlon, Robert Casper, Fernando Sanchez, Daniel Monarrez, William Roberts, and Robert Barba under 42 U.S.C. § 1983, claiming that they violated his Fourth and Fifth Amendment rights. The district court granted summary judgment in favor of Defendants, and Khachatourian appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Cameron v. Craig*, 713 F.3d 1012, 1018 (9th Cir. 2013), and we affirm.

## I.     Fourth Amendment

To show a Fourth Amendment violation, Khachatourian has to demonstrate a reasonable expectation of privacy in the area searched. *See United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695 (9th Cir. 2009). Viewing the evidence in the light most favorable to Khachatourian, it could be found that he had a subjective expectation of privacy in his classroom and desk drawers therein. Expectations of privacy, however, are not reasonable where an employee is on notice "that searches of the type to which he was subjected might occur from time

---

[**]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

to time for work-related purposes." *Schowengerdt v. Gen. Dynamics Corp.*, 823 F.2d 1328, 1335 (9th Cir. 1987).

Here, it is undisputed that Khachatourian knew that canine searches for contraband drugs and firearms were regularly conducted in his classroom, as he had seen them take place during his tenure at the school. In the school context, a search for drugs or firearms is necessarily work-related, because getting rid of such contraband furthers the school's educational objectives by facilitating "an environment in which learning can take place." *New Jersey v. T.L.O.*, 469 U.S. 325, 340 (1985). Khachatourian's expectation of privacy in his classroom was therefore not a reasonable one, and the use of a dog to sniff around his classroom could not violate his Fourth Amendment rights.

We nevertheless assume arguendo that Khachatourian had a reasonable expectation of privacy in the contents of his desk drawers. Under the Fourth Amendment, "public employer intrusions on the constitutionally protected privacy interests of government employees for . . . investigations of work-related misconduct[] should be judged by the standard of reasonableness under all the circumstances." *United States v. Taketa*, 923 F.2d 665, 673–74 (9th Cir. 1991) (quoting *O'Connor v. Ortega*, 480 U.S. 709, 725–26 (1987) (plurality opinion)) (internal quotation marks omitted). The reasonableness standard applies to a search

that was initially conducted as part of an investigation into work-related misconduct, even if it later becomes an investigation of criminal misconduct. *See id.* at 673–75. Applying the reasonableness standard, we conclude that the warrantless search of the desk drawers after the dog had alerted toward them was permissible under the Fourth Amendment.

Because we conclude that this search, which uncovered Khachatourian's gun and knife, was permissible under the Fourth Amendment, his arrest for violations of California Penal Code §§ 626.9(b) and 626.10(a) was also justified under the Fourth Amendment, as the gun and knife, along with Khachatourian's admission that those objects were his, provided sufficient probable cause to arrest him. Contrary to Khachatourian's arguments, a police officer is not required to engage in legal analysis at the scene of arrest, and the officer's subjective intentions in making the arrest are irrelevant, *see, e.g.*, *United States v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007).

## II.    Fifth Amendment

We assume without deciding that school officials conducting an investigation into misconduct that is both work-related and potentially criminal could be required to provide the subject of an interrogation warnings under *Miranda v. Arizona*, 384 U.S. 436 (1966). *Miranda*, however, applies only to

4

custodial interrogations—that is, questioning conducted "after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." *Id.* at 444.

We "examin[e] all of the circumstances surrounding the interrogation, [and] decide 'whether there [was] a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" *United States v. Kim*, 292 F.3d 969, 973 (9th Cir. 2002) (third alteration in original) (quoting *Stansbury v. California*, 511 U.S. 318, 322 (1994)). The undisputed facts include the following: the school setting where the interrogation was conducted was familiar to Khachatourian, there was little coercion employed other than the presence of his supervisors and the intermittent presence of a single police officer, and the episodes of questioning were short and lasted less than two hours in total. Most importantly, the undisputed facts demonstrate not only that Khachatourian remained free to leave the classroom and office where the questioning took place, but that he actually left to consult his union representative. In other words, Khachatourian was never restrained in a manner equivalent to a formal arrest. We therefore conclude that Khachatourian

was not subjected to a custodial interrogation and was thus not entitled to *Miranda* warnings.[1]

**AFFIRMED.**

---

[1] We also reject Khachatourian's arguments attempting to assert claims grounded on state law, in particular *Lybarger v. City of Los Angeles*, 710 P.2d 329 (Cal. 1985), as the complaint's sole claim for relief is under 42 U.S.C. § 1983.